UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AECON BUILDINGS, INC., F/K/A/ BFC
FRONTIER, INC., a Washington corporation,

                 Plaintiff,

      v.

ZURICH NORTH AMERICA, et al.,

                 Defendants.

CASE NO. C07-832-MJP

ORDER ON DEFENDANTS'
MOTION FOR APPLICATION
OF OREGON LAW

This matter comes before the Court on defendant Zurich North America's motion on behalf of all defendants for application of Oregon law. Having considered Defendants' motion, reply, exhibits, and declarations (Dkt. Nos. 29-31, & 34), Aecon Buildings, Inc.'s response and declaration (Dkt. No. 32), the amended complaint (Dkt. No. 24), oral argument of March 18, 2008, and the balance of the record, the Court DENIES Defendants' motion.

**Background**

Aecon Buildings, Inc. ("Aecon") is the successor-in-interest of BFC Frontier, Inc., a Washington corporation that was the general contractor for a casino and hotel project for the Quinault Indian Nation in Ocean Shores, Washington. (McGillis Decl., Dkt. No. 32-2 at ¶ 2.) For purposes of this Order, the Court refers to Aecon only, though BFC Frontier, Inc. was the operative entity during the initial work on the project. Construction of the hotel and casino began in 1998 and was substantially complete in June, 2000. (First Amend. Compl., Dkt. No. 24, at 5.) Aecon hired Western Partitions, Inc. ("Western Partitions") as a subcontractor to install all interior and exterior metal framing, gypsum board assemblies, and shaft wall assemblies. (McGillis Decl. Ex. 2.) Aecon

ORDER – 1

1    and Western Partitions signed a subcontract wherein Western Partitions agreed to name Aecon as an

2    additional insured to its comprehensive general liability insurance policy. (McGillis Decl. Ex. 2 at 24.)

3         After completion of the project, the Quinault Indian Nation found defects in the construction

4    and notified Aecon. (First Amend. Compl. at 5.)  During mediation in Washington with the Quinault

5    Indian Nation, Aecon realized that it could incur liability as a result of the work performed by

6    Western Partitions.  Aecon settled the Quinault Indian Nation's claims for $3,750,000. (Dkt. No. 42

7    at 2-3.)  It tendered a request for indemnification to Western Partition's insurers, the named

8    defendants to this case.  (First Amend. Compl. at 6.)  Defendants have not accepted this tender or

9    agreed to indemnify Aecon.  (Id.)  Aecon alleges that Defendants have failed to respond to its

10   requests.  (Id.)

11        Aecon has made four claims against Defendants: (1) Breach of contract; (2) Breach of

12   Defendants' obligation of good faith and fair dealing actionable under the Consumer Protection Act;

13   (3) Negligent investigation; and (4) Bad faith breach of the duty to defend requiring coverage by

14   estoppel. (First Amend. Compl. at 6-7.) Aecon seeks declaratory relief and damages, including treble

15   damages.  (Id.)

16        Defendants collectively filed this motion seeking application of Oregon law.  (Dkt. No. 29.)

17   Aecon filed its Response, objecting to application of Oregon law and insisting that Washington law

18   should apply.  (Dkt. No. 32.)  Defendants filed a Reply.  (Dkt. No. 34.)  Aecon filed a supplemental

19   declaration on March 14, 2008. (Dkt. No. 44.)  Defendants moved to strike the declaration the same

20   day.  (Dkt. No. 45.)

21   **Discussion**

22   **I.    Motion to Strike**

23        Aecon submitted a supplemental declaration four days before oral argument on Defendants'

24   choice of law motion.  (Dkt. No. 44.)  The declaration contains the contract entered into between

25   Aecon and the Quinault Indian Nation for the hotel and casino project.  (Id.)  Defendants move to

26   strike the supplemental declaration, stating that it was late-filed.  Aecon admitted at oral argument

27

ORDER – 2

1   that it should have asked leave of the Court to file the declaration, but asked the Court to accept it
2   in the interest of justice.

3        Generally, all documents related to a motion must be received by the noting date.  See CR
4   7(b) (reply papers must be received no later than the noting date).   The noting date for Defendants'
5   motion was February 22, 2008.  The supplemental declaration is nearly three weeks late.  Though
6   there are exceptions to this rule, none are applicable.  See CR 7(d)(1)-(2).  Even if the Court
7   construes the supplemental declaration as a surreply, it was filed well beyond the 5 day period in
8   which a surreply may be filed.  CR 7(g)(2).  The Court GRANTS Defendants' motion to strike and
9   will not consider Aecon's supplemental declaration.

10  **II.    Conflict of Law Analysis**

11       In a suit brought under the Court's diversity jurisdiction, the Court must determine whether
12  to apply the law of the forum, Washington law, or the law of another state.  See Kohlrautz v. Oilmen
13  Participation Corp., 441 F.3d 827, 833 (9th Cir. 2006).   To make this determination, the Court
14  applies Washington's choice of law rules.  See id.  Washington's law presumptively applies.  See
15  Erwin v. Cotter Health Ctrs., 161 Wn.2d 676, 692 (2007).  Upon motion by a party, the Court
16  engages in a two-step inquiry to determine if another forum's law should apply.  See id.  First, the
17  Court must be persuaded by the moving party that there is an actual conflict between the laws and
18  interests of Washington and the laws and interest of the other relevant forum in order not to apply
19  Washington law.  See id.  "If the result for a particular issue 'is different under the law of the two
20  states,'" there is actual conflict.  Id. (quoting Seizer v. Sessions, 132 Wn.2d 642, 648 (1997)).
21  However,  if the laws and interest of the concerned states do not conflict, "the situation presents 'a
22  "false" conflict' and 'the presumptive local law is applied.'"  Id. (quoting Seizer, 132 Wn.2d at 648-
23  49).  Second, if there is actual conflict, the Court must determine which state has the "most significant
24  relationship" to the action.  See id.  Washington relies on the Restatement (Second) of Conflict of
25  Laws (1971) ("Restatement") to guide this analysis.  Id. at 693.

26       In this case, there is actual conflict between Oregon and Washington law in regards to two
27

ORDER – 3

1    of Aecon's claims.  Defendants did not present any argument that there is a conflict in regards to

2    Aecon's negligent investigation and breach of contract claims.  Washington law applies to these

3    claims.  See Erwin, 161 Wn.2d at 692  (Washington law applies in the absence of actual conflict).

4    Regarding the remaining claims, actual conflict exists and because Washington has the most

5    significant relationship to the claims Washington law applies.

6         **A.    Actual Conflict**

7         Defendants contend that there is an actual conflict between Washington and Oregon law as

8    to Aecon's claims for breach of Defendants' obligation of good faith and fair dealing actionable under

9    the Consumer Protection Act ("CPA") and for coverage by estoppel due to a bad faith breach of the

10   duty to defend.

11        **i.    The CPA and Oregon's Consumer Unfair Trade Practices Act**

12        Defendants claim that whereas Washington's insurance regulations are actionable by citizens

13   under the CPA (RCW 19.86), private citizens cannot enforce Oregon's insurance regulations under

14   Oregon's CPA corollary, the Unlawful Trade Practices Act (See ORS § 646.638).  Aecon responds

15   that there are no conflicts because Aecon could privately enforce Oregon's insurance laws through

16   the tort of wrongful interference with a business relationship.

17        An actual conflict exists between Washington and Oregon law in regards to Aecon's CPA

18   claim.  In Washington, an insured "may bring a private action against their insurers for breach of duty

19   of good faith under the CPA."  Tank v. State Farm Fire & Cas. Co., 105 Wn.2d 381, 394 (1986).

20   "[A] breach of an insurer's duty of good faith [as defined by state law] constitutes a per se CPA

21   violation."  Id.  However, the Oregon Unfair Trade Practices Act does not apply to insurance and

22   cannot be used as a private right of action to enforce Oregon's insurance laws.  See ORS §§ 646.638

23   & 646.605(6) (excluding insurance-related matters from the Act).  Although Aecon could seek to

24   enforce a violation of Oregon's insurance regulations through a claim for negligent interference with

25   a business relationship, it would face substantially different burdens of proof.  In Washington it need

26   only show breach of the insurance laws and regulations to show a per se violation of the CPA.  Tank,

27

ORDER – 4

1    105 Wn.2d at 394.  However, in Oregon, Aecon would have to prove: "(1) the existence of a

2    professional or business relationship; (2) intentional interference with that relationship; (3) by a third

3    party; (4) accomplished through improper means or for an improper purpose; (5) a causal effect

4    between the interference and damage to the economic relations; and (6) damages." NW Natural Gas

5    Co. v. Chase Gardens, Inc., 328 Or. 487, 497 (1999) (citations omitted).  Because the burden on

6    Aecon in Oregon is higher than in Washington, the outcome of Aecon's claim could change based

7    on the law applied.  Thus, there is actual conflict.  See Erwin, 161 Wn.2d at 692.

8    　　　　The Court finds actual conflict regarding Aecon's CPA claim, including Aecon's request for

9    treble damages under the CPA.[1]

10    　　　　　　　　**ii.**    **Bad Faith Breach of the Duty to Defend Requiring Coverage by**

11    　　　　　　　　　　　　**Estoppel**

12    　　　　Defendants contend that coverage by estoppel due to bad faith breach of the duty to defend

13    is only actionable in Washington, and that this produces an actual conflict.  Aecon responds that

14    coverage by estoppel is an action in tort and Defendants' attempt to create conflict by citing to

15    Oregon's contract law is erroneous.  Washington permits this type of coverage by estoppel claim,

16    whereas Oregon does not.  An actual conflict exists.

17    　　　　Defendants claim that Aecon can obtain coverage by estoppel for "wrongful denial of defense"

18    under Washington law, but not under Oregon law.  Aecon's estoppel claim derives from Kirk v. Mt.

19    Airy Ins. Co., which established that a party may obtain insurance coverage by estoppel upon a

20

---

21    　　　　　[1]　　　Defendants have argued that there is a conflict between Washington and Oregon law
22    because "Aecon seeks punitive damages under the CPA." (Defs' Mot. for App. of Or. Law, Dkt. No.
23    29, at 6.)  The Court's finding of actual conflict regarding Aecon's cause of action under the CPA
      renders this argument superfluous.  However, the Court notes that Washington has abolished punitive
24    damages, see Spokane Truck & Dray Co. v. Hoefer, 2 Wash. 45 (1891), except when authorized by
      statute, see Barr v. Interbay Citizens Bank of Tampa, Fla., 96 Wn.2d 692, 699 (1981) (citing the CPA
25    as an exception).  Though treble damages under the CPA may be punitive in nature, they provide only
      a trebling of actual damages, unlike classic punitive damages.  To the extent that Aecon may recover
26    only treble damages in Washington, but full punitive damages in Oregon, there is actual conflict
      regarding the damages recoverable.  See Erwin, 161 Wn.2d at 692.
27

ORDER – 5

showing of an insurer's bad faith breach of the duty to defend.  134 Wn.2d 558, 562-63 (1998).

Defendants contend that there is no similar cause of action in Oregon, because breach of contract only

permits recovery of contract damages.  See Timberline Equip. Co., Inc. v. St. Paul Fire & Marine Ins.

Co., 281 Or. 639, 646 (1978).  Aecon responds that Defendants confuse tort law with contract law.

Defendants clarified in oral argument that this is a hybrid, a "con-tort," a claim sitting at the

intersection of contract and tort law.  Regardless, as Aecon acknowledges, there is no similar cause

of action available in Oregon.  (See Aecon Mot. in Opp. to Or. Law at 6.)  While a plaintiff may claim

coverage by estoppel, it cannot be based on a breach of the duty to defend and the burden on the

plaintiff is substantially different.  See Richardson v. Guardian Life Ins. Co. of Am., 161 Or. App.

615, 626 (1999) (setting out the elements of coverage by estoppel).  Because Aecon's claim for

coverage by estoppel under Oregon would likely produce a different outcome than if brought under

Washington law, there is actual conflict.  See Erwin, 161 Wn.2d at 692.

### B.    Most Significant Relationship

The application of the Restatement to Aecon's claims where actual conflict exists

demonstrates that Washington law should apply.  The parties contend that Restatement section 188

applies to Aecon's CPA and bad faith breach of the duty to defend claims.  The Court only partially

agrees.  Washington applies the Restatement's general tort conflict of law principles to CPA claims.

See Schnall v. AT&T Wireless Servs., Inc., 139 Wn. App. 280, 292-94 (2007).  The Court will apply

Restatement section 145 to determine the law applicable to Aecon's CPA claim.  As Defendants

contended at oral argument, Aecon's bad faith breach of the duty to defend claim sounds in both tort

and contract law (a "con-tort").  In the absence of a specific Restatement section covering this type

of con-tort, the Court will consider both Restatement sections 145 (tort) and 188 (contract).

### i.    CPA Claim

The Court analyzes Restatement section 145 to determine the most significant relationship

in regards to Aecon's CPA claim.  See id.  This Restatement section applies to tort claims and sets

forth four relevant contacts to consider:

ORDER – 6

(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicil [sic], residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.

The Court must evaluate the contacts "according to their relative importance with respect to the particular issue." Id. The Court must not simply count contacts to the relevant states, but determine which contacts are the most significant. See Johnson v. Spider Staging Corp., 87 Wn.2d 577, 581 (1976).

The relevant contacts related to Aecon's CPA claim weigh heavily in favor of application of Washington law. Washington is the location of the injury–the settlement owed by Aecon to the Quinault Indian Nation for work performed, in part, by Western Partitions. See Restatement § 145(2)(a). Defendants' alleged violation of Washington's insurance regulations and its obligation of good faith and fair dealing also occurred in Washington. See id. § 145(2)(b). Aecon is a Washington corporation and Defendants are New York, Delaware, and Maryland companies. Id. § 145(2)(c). (Dkt. No. 2.) The relationship between the parties centers on Aecon's relationship with Western Partitions and the construction project in Washington. Id. § 145(2)(d). Moreover, Washington has a substantial interest in applying its Consumer Protection Act to regulate conduct that may violate Washington's insurance regulations. See Restatement § 6(2)(b)-(c); Johnson, 87 Wn.2d at 581. The most significant contacts are to Washington and the Court will apply Washington law to Aecon's CPA claim.

### ii.    Bad Faith Breach of the Duty to Defend Claim

The Court employs Restatement sections 145 and 188 to determine the state with the most significant relationship to Aecon's bad faith breach of the duty to defend claim. In considering Restatement section 188, the Court must determine the relevant contract at issue. Aecon argues that the Court should analyze the subcontract, whereas Defendants contend that the insurance policy is the relevant contract. Aecon may only claim a right to indemnity from Defendants by virtue of the insurance policy obtained by Western Partitions from Defendants. Although the subcontract is the

1   agreement that may confer additional insured status to Aecon, it is only from the insurance contract

2   that Aecon may lay any rights to indemnification.  The Court analyzes the insurance contract and not

3   the subcontract in its analysis of Restatement section 188.

4           Restatement section 188(2) (contract) sets forth five contacts to consider:

5           (a) the place of contracting,
            (b) the place of negotiation of the contract,
6           (c) the place of performance,
            (d) the location of the subject matter of the contract, and
7           (e) the domicil [sic], residence, nationality, place of incorporation and place of business of
                the parties.

8

9   The five "contacts are to be evaluated according to their relative importance with respect to the

10  particular issue." Restatement § 188(2). "[T]he protection of the justified expectations of the parties

11  is of considerable importance." Id. at cmt. b.  The Court must consider the interests of the relevant

12  states and determine the most significant contacts. See Johnson, 87 Wn.2d at 581.

13          A consideration of both Restatement sections 145 and 188 convince the Court that

14  Washington law applies to Aecon's bad faith breach of the duty to defend claim.  The injury to Aecon

15  is the denial of coverage and the settlement with the Quinault Tribe, both of which occurred

16  Washington.  See Restatement § 145(2)(a).  Similarly, the conduct of which Aecon complains is

17  Defendants refusal to provide coverage to Aecon for the Washington settlement. See id. § 145(2)(b).

18  The analysis of the domicile and the relation of the parties is the same as described above and center

19  largely in Washington.  See id. § 145(2)(c)-(d).  Section 188's factors point less heavily towards

20  Washington.  Oregon is the place of contracting and negotiations of the between Western Partitions

21  and Defendants.  See Restatement § 188(2)(a)-(b).  Aecon's request for coverage requires

22  performance of the insurance contract in Washington. See id. § 188(2)(c). Western Partitions's work

23  in Washington is the subject matter of the insurance contract. See id. § 188(2)(d).  The domicile of

24  the parties is the same as above, although the Court also considers Western Partitions's domicile in

25  Oregon. See id. § 188(2)(d). The Court is unpersuaded that Defendants had any justified expectation

26  that Oregon law would apply to any request for insurance from an additional insured under the

27

ORDER – 8

1   contract.  See Restatement § 188 cmt. b.  There was no choice of law provision in the contract and

2   Aecon has shown that Western Partitions has performed work in many states.  It was foreseeable to

3   Defendants that they may be required to provide insurance to a party made an additional insured by

4   virtue of a contract entered into by Western Partitions outside of Oregon for work performed outside

5   of Oregon.  Moreover, Washington has a substantial interest in deterring the bad faith conduct of

6   insurers within the state.  See Restatement § 6(2)(b)-(c).  Washington has the most significant

7   relationship to this claim.

8           Defendants request that the Court take judicial notice of a complaint and answer in a related

9   case in which Aecon denied that BFI Frontiers, Inc. was Washington corporation. (See Defs' Reply,

10  Dkt. No. 34, at 2.)  However, this is not a judicially noticeable fact; these pleadings are not "sources

11  whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(a).  Aecon explained at oral

12  argument that the answer's statement that BFC Frontiers, Inc. was not a Washington corporation was

13  accurate, insofar the corporation no longer existed at the time the pleading was filed.  Moreover, the

14  subcontract, that both parties cite as valid, clearly states that BFI Frontiers, Inc. was a Washington

15  corporation.  The Court denies Defendants' request to take judicial notice of the pleadings.

16          The Court applies Washington law to all of Aecon's claims.

17                                            **Conclusion**

18          The Court DENIES Defendants' motion for application of Oregon law.  The Court will apply

19  Washington law to Aecon's four claims addressed in this order.

20          The Clerk is directed to send copies of this order to all counsel of record.

21          Dated:  March 20, 2008

22

23                                          _____
                                            Marsha J. Pechman
24                                          U.S. District Judge

25

26

27

ORDER – 9