UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

|  |  |
|---|---|
| AECON BUILDINGS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ZURICH NORTH AMERICA, et al.,<br><br>Defendants. | Case No. C07-832MJP<br><br>ORDER DENYING MOTION FOR LEAVE TO TO AMEND COMPLAINT |

This matter comes before the Court on Plaintiff Aecon's motion for leave to file a second amended complaint. (Dkt. No. 33.) Defendants oppose the motion. (Dkt. Nos. 35 & 36.) Having considered the motion and response, Plaintiff's reply (Dkt. No. 39), all documents submitted in support thereof and the balance of the record, the Court DENIES Plaintiff's motion to amend.

**Background**

This insurance coverage action arises from claims made by the Quinault Indian Nation against Aecon Buildings, Inc. ("Aecon") regarding the construction of a casino and hotel project in Ocean Shores, Washington. Aecon was the general contractor for the project. Aecon subcontracted some of the work performed. After completion of the project, the Quinault Indian Nation found defects in the construction and notified Aecon. (First Amend. Compl. at 5.) Aecon settled the Quinault Indian Nation's claims and then in 2006 tendered a request for indemnification to the subcontractors' insurers, the named defendants in this case.[1] (First Amend.

---

[1] Aecon's complaint does not make clear when Aecon tendered its request to Defendants. Defendants assert in their opposition papers, and Aecon does not dispute, that Defendants denied Aecon's claim for indemnification in 2006.

ORDER — 1

Compl. at 6.) Defendants have not accepted this tender or agreed to indemnify Aecon. Aecon initiated this suit in April 2007, claiming: (1) breach of contract; (2) breach of Defendants' obligation of good faith and fair dealing actionable under the Washington Consumer Protection Act; (3) negligent investigation; and (4) bad faith breach of the duty to defend requiring coverage by estoppel. (First Amend. Compl. at 6-7.) Aecon seeks declaratory relief and damages, including treble damages. (Id.)

On November 6, 2007, Washington voters approved and made immediately effective the Washington Insurance Fair Conduct Act (hereinafter "IFCA"). RCW § 48.30.015. The IFCA creates a new cause of action against insurance companies for unreasonably denying their insureds' claims for coverage or benefits. Insureds unreasonably denied coverage or benefits may recover costs, attorneys' fees, and treble damages:

> (1) Any first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action in the superior court of this state to recover the actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs, as set forth in subsection (3) of this section.
>
> (2) The superior court may, after finding that an insurer has acted unreasonably in denying a claim for coverage or payment of benefits or has violated a rule in subsection (5) of this section, increase the total award of damages to an amount not to exceed three times the actual damages.
>
> (3) The superior court shall, after a finding of unreasonable denial of a claim for coverage or payment of benefits, or after a finding of a violation of a rule in subsection (5) of this section, award reasonable attorneys' fees and actual and statutory litigation costs, including expert witness fees, to the first party claimant of an insurance contract who is the prevailing party in such an action.

RCW § 48.30.015(1)-(3).

On February 20, 2008, Aecon moved to amend its complaint to include a claim under RCW § 48.30.015(1). Defendants oppose the motion to amend, arguing that the IFCA cannot be applied retroactively.

ORDER — 2

**Discussion**

**I.    FRCP 15(a)(2) Standard**

Federal Rule of Civil Procedure 15(a)(2) directs the Court to "freely give leave [to amend pleadings] when justice so requires." Although this liberal standard favors amendment, a court may deny leave to amend if certain factors are present, such as "undue delay, bad faith, or dilatory motive on the part of the movant . . . undue prejudice to the party opposing the amendment, [or] futility of amendment." Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). Whether to grant leave to amend falls within the discretion of the district court, although if the Court denies leave to amend, it must articulate reasons for the denial. Id.

**II.   Retroactive Application of the Insurance Fair Conduct Act**

Defendants argue that amendment would be futile because the events underlying Aecon's claims occurred before the IFCA became effective and the IFCA does not apply retroactively. Aecon argues that the IFCA applies retroactively. Because the Washington Supreme Court has not decided whether the IFCA applies retroactively, this Court, sitting in diversity, must predict how the Washington Supreme Court would decide the issue. Burlington Ins. Co. v. Oceanic Design & Constr., Inc., 383 F.3d 940, 944 (9th Cir. 2004); see also King v. Order of United Commercial Travelers, 333 U.S. 153, 161 (1948). Washington courts generally disfavor retroactive application of statutes. Densley v. Dep't of Retirement Sys., 162 Wn.2d 210, 223 (2007). Courts are to presume that a statute operates prospectively unless (1) the legislature explicitly provides that it applies retroactively, (2) the amendment is curative, or (3) the statute is remedial. Id.

The Washington legislature did not include language in the IFCA providing that it should be applied retroactively. Plaintiff argues that the presumption against retroactive application is still overcome, however, because the statute is "remedial." "A remedial statute is one which relates to practice, procedures and remedies and is applied retroactively when it does not affect a

ORDER — 3

substantive or vested right." State v. McClendon, 131 Wn.2d 853, 861 (1997); see also Johnston v. Beneficial Mgmt. Corp. of Am., 85 Wn.2d 637, 641 (1975). "A 'right' is a legal consequence deriving from certain facts, while a remedy is a procedure prescribed by law to enforce a right." McClendon, 131 Wn.2d at 861.

The IFCA is not merely remedial. Although it relates to remedies — it provides for actual and treble damages, costs, and attorneys' fees — it also affects substantive rights by creating an entirely new right of action for first party insurance claimants unreasonably denied their claims. As Magistrate Judge Donahue of this Court recently concluded, the IFCA does not just create a supplemental remedy for enforcement of a preexisting right, but rather "provides plaintiff with the right to proceed against the defendant for unreasonable conduct falling outside the scope of the other statutory causes of action set forth in plaintiff's complaint." HSS Enters. v. AMCO Ins. Co., C06-1485-JPD, 2008 WL 312695 at *3 (W.D. Wash. Feb. 1, 2008); see also Johnston, 85 Wn.2d at 641 (holding that 1970 amendment to Washington Consumer Protection Act, which created new private right of action for unfair methods of competition, only applied prospectively). Moreover, like the statutory amendment at issue in Johnston, the IFCA authorizes a trial court to award treble damages. "[A] statute which creates a new liability or imposes a penalty will not be construed to apply retroactively." Johnston, 85 Wn.2d at 642. Finally, section one of the IFCA — the provision that creates the new cause of action — uses present and future verb tenses. The Legislature's "use of the present and future tense manifests an intent that the act should apply prospectively only." Id. at 641; HSS Enters., 2008 WL 312695 at *3. Because it affects substantive rights, imposes a penalty, and is couched in forward-looking language, the IFCA only applies prospectively.

**Conclusion**

The motion for leave to amend is DENIED. Plaintiff may not amend its complaint to include a claim under the IFCA, RCW § 48.30.015, because that statute does not apply retroactively and the events underlying Plaintiff's complaint occurred before the IFCA became

ORDER — 4

1  effective.  Because the Court concludes that the IFCA does not apply retroactively, the Court
2  need not consider Defendants' alternative arguments that amendment would be prejudicial and
3  that Plaintiff has failed to comply with the mandatory pre-filing requirements of the IFCA.
4      The clerk is directed to send copies of this order to all counsel of record.
5      Dated: March 28, 2008.

/s/ Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER — 5