UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AECON BUILDINGS INC. f/k/a BFC FRONTIER, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>ZURICH NORTH AMERICA, a Foreign corporation; ZURICH AMERICAN INSURANCE COMPANY, a Foreign corporation; NORTHERN INSURANCE COMPANY OF NEW YORK, a Foreign corporation; VALIANT INSURANCE COMPANY, a Foreign corporation; THE HARTFORD INSURANCE GROUP, a Foreign Corporation; and HARTFORD CASUALTY INSURANCE COMPANY, a Foreign corporation,<br><br>Defendants. | Case No. C07-0832MJP<br><br>ORDER DENYING MOTION FOR A REASONABLENESS DETERMINATION |

This matter comes before the Court on Plaintiff's motion for a reasonableness determination of the settlement between Aecon Buildings Inc. and the Quinault Indian Tribe. (Dkt. No. 42.) After reviewing the moving papers, Defendant Zurich's response (Dkt. No. 46), Defendant Hartford's response (Dkt. No. 47), Plaintiff's reply (Dkt. No. 50), and all papers submitted in support thereof, the Court DENIES Plaintiff's motion.

**Background**

Aecon Buildings, Inc. ("Aecon") is the successor-in-interest of BFC Frontier, Inc. a Washington corporation that was the general contractor for a casino and hotel project for the Quinault Indian Nation in Ocean Shores, Washington. (McGillis Decl., Dkt. No. 32-2 at ¶ 2.) For purposes of this order, Aecon is referenced, even though BFC Frontier, Inc. was the

ORDER — 1

operative entity during the initial work on the project. Construction of the hotel and casino began in 1998 and was substantially complete in June 2000. (First Amend. Compl., Dkt. No. 24, at 5.) Aecon hired Western Partitions, Inc. ("Western Partitions") as a subcontractor to install all interior and exterior metal framing, gypsum board assemblies, and shaft wall assemblies. (McGillis Decl. Ex. 2.) Aecon and Western Partitions signed a subcontract wherein Western Partitions agreed to name Aecon as an additional insured to its comprehensive general liability insurance policy. (McGillis Decl. Ex. 2 at 24.)

After completion of the project, the Quinault Indian Nation found defects in the construction and notified Aecon. (First Amend. Compl. at 5.) Aecon settled the Quinault Indian Nation's claims for $3,750,000 (Dkt. No. 42 at 2-3.) and it tendered a request for indemnification to Western Partition's insurers, the named defendants in this case. (First Amend. Compl. at 6.) Defendants have not accepted this tender or agreed to indemnify Aecon. (Id.) Aecon alleges that Defendants have failed to respond to its requests. (Id.)

Aecon has made four claims against Defendants: (1) breach of contract; (2) breach of Defendant's obligation of good faith and fair dealing actionable under the Consumer Protection Act; (3) negligent investigation; and (4) bad faith breach of the duty to defend requiring coverage by estoppel. (First Amend. Compl. at 6-7.) Aecon seeks declaratory relief and damages, including treble damages. (Id.)

Aecon filed this motion under RCW 4.22.060, seeking a determination of the reasonableness of the Quinault settlement to help aid in the determination of damages in the present case against the subcontractor's insurers. Aecon moved for the same determination in its underlying King County Superior Court litigation against the subcontractors. Defendant insurer Zurich intervened in that case to oppose the motion. The Superior Court denied the motion: "The Court finds it does not have authority under RCW 4.22.060 to determine the reasonableness of the settlement between the Quinault and Aecon because that proceeding was never before this Court." (Superior Ct. Order, Ex. 4 at 3.) The court denied Aecon's motion for reconsideration

ORDER — 2

without providing any reasoning. (Superior Ct. Order, Ex. 8 at 2.) Defendants oppose consideration of the reasonableness of the settlement in this Court both on grounds of collateral estoppel and on the merits.

**Discussion**

Collateral estoppel precludes the Court from making a reasonableness determination of the Aecon-Quinault settlement. Under the "full faith and credit" mandate of 28 U.S.C. § 1738, federal courts "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Washington courts apply a four-part test to determine whether collateral estoppel applies to a particular issue: (1) the issue decided in the prior adjudication is identical with the issue addressed in the action under question; (2) there was a final judgment on the merits; (3) the party against whom collateral estoppel is asserted was the party or in privity with a party to the prior adjudication; and (4) the application of the doctrine will not work an injustice on the party against whom collateral estoppel is to be applied. Rains v. State, 100 Wn.2d 660, 665 (1983). The parties do not dispute that the first and third elements are met here.

**(i)   The Superior Court Ruling was a Final Judgment on the Merits**

Although Judge Armstrong did not decide whether the settlement was reasonable, she did rule that she lacked the authority to make that decision. This question of authority is an issue unto itself and is a "final judgment" for purposes of collateral estoppel.[1] See Cunningham v. State, 61 Wn. App. 562, 567 (1991) ("For the purposes of issue preclusion, a final judgment 'includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect.'") (quoting Restatement (Second) of Judgments § 13

---

[1] Aecon confuses the doctrine of collateral estoppel with the authority of judicial precedent. Although Aecon is correct that King County Superior Court cases are not precedential, see Bauman v. Turpen, 139 Wn. App. 78, 87 (2007), that does not affect the issue of collateral estoppel.

ORDER — 3

(1982)). Contrary to Aecon's suggestion, her ruling was not made sua sponte: Defendant Zurich, intervening in the Superior Court action, questioned the court's authority to make the determination and Aecon argued that the court did have such authority in its motion for reconsideration. (Pl. Mot. Ex. 5.) Judge Armstrong's conclusion that the court lacks authority to review the reasonableness of the Quinault-Aecon settlement is a judgment on the merits for the purposes of collateral estoppel. See Cunningham, 61 Wn. App. at 567.

**(ii)  Application of Collateral Estoppel will Work No Injustice upon Aecon**

Aecon argues that collateral estoppel is unjust in this situation because Aecon had no opportunity to argue the reasonableness issue in Superior Court and because of the extra expense of separately proving damages. However, the issue decided in the Superior Court and immediately at hand is whether the court has authority to determine the reasonableness of the settlement. Aecon had a full and fair opportunity to argue that issue in Superior Court. Further, although a judicial determination may be expedient when compared to the process of separately proving damages, the additional expense is not prejudicial enough to overcome another court's ruling on the merits.

**Conclusion**

Because collateral estoppel precludes this Court from making a reasonableness determination, the Court DENIES Plaintiff's request that it do so.

The Clerk is directed to send a copy of this order to all counsel of record.

Dated: April 29, 2008.

s/ Marsha J. Pechman

Marsha J. Pechman

United States District Judge

ORDER — 4