1

2

3                          UNITED STATES DISTRICT COURT

4                        WESTERN DISTRICT OF WASHINGTON
                                    AT SEATTLE
5

6    AECON BUILDINGS, INC.,                        Case No. C07-832MJP

7                          Plaintiff,              ORDER GRANTING ZURICH
                                                   DEFENDANTS' MOTION RE:
8          v.                                      WAIVER OF ATTORNEY-
                                                   CLIENT PRIVILEGE
9    ZURICH NORTH AMERICA, et al.,                 APPLICABLE TO GROFF
                                                   MURPHY INVOICES
10                         Defendants.

11

12          This matter comes before the Court on the Zurich Defendants' request that the Court rule

13   that Plaintiff Aecon has waived the attorney-client privilege with respect to invoices for fees and

14   costs from the Groff Murphy law firm incurred in responding to the construction defect claim

15   asserted by the Quinalt Indian Nation. (Dkt. No. 74.)  Plaintiff opposes the motion. (Dkt. No. 98.)

16   Having considered the motion and response, Defendants' reply (Dkt. No. 103), all documents

17   submitted in support thereof and the balance of the record, the Court GRANTS Defendants'

18   motion.

19          This insurance coverage action arises from claims made by the Quinault Indian Nation

20   ("the Quinalt") against Aecon Buildings, Inc. ("Aecon") regarding the construction of a casino

21   and hotel project in Ocean Shores, Washington.  Aecon was the general contractor for the

22   project.  Aecon subcontracted some of the work performed.  After completion of the project, the

23   Quinault found defects in the construction and notified Aecon. (First Amend. Compl. at 5.)

24   Aecon settled the Quinault's claims and then in 2006 tendered a request for indemnification to the

25   subcontractors' insurers, the named defendants in this case. (First Amend. Compl. at 6.)

26   Defendants have not accepted this tender or agreed to indemnify Aecon.  Aecon initiated this suit

27

ORDER — 1

1   in April 2007, alleging a number of different claims and seeking declaratory relief and damages,

2   including "the full amount of the settlement of the Quinalt Indian Nation claims and all attorneys'

3   fees, costs and expenses incurred in connection therewith." (Id. at 8.)

4        Aecon was represented in its dispute with the Quinalt by the law firm of Groff Murphy,

5   who charged Aecon $515,382.25 in attorneys fees. (Sparling Decl., Ex. A.)  One of the groups of

6   subcontractor insurer defendants — the "Zurich Defendants" — now seeks access to Groff

7   Murphy's invoices.  The Zurich Defendants served a subpoena duces tecum upon Groff Murphy,

8   to which Groff Murphy objected. (Id., Exs. B & C.)  Groff Murphy has since produced the

9   invoices in redacted form. (Id., Ex. E.)  The Zurich Defendants seek the invoices in unredacted

10  form and Aecon opposes Zurich's request.

11       The question here is whether Aecon has impliedly waived the attorney-client privilege that

12  attached to Groff Murphy's fee invoices by seeking to recover those fees from Defendants in this

13  case.  Because this is a diversity action, the scope of the privilege is analyzed according to state

14  law. See Fed. R. Evid. 501.  Under Washington law, an implied waiver of the attorney-client

15  privilege occurs when (1) the assertion of the privilege resulted from some affirmative act, such as

16  filing suit, on the part of the asserting party, (2) through this affirmative act, the asserting party

17  put the protected information at issue by making it relevant to the case, and (3) application of the

18  privilege would deny the opposing party access to information vital to its defense. Pappas v.

19  Holloway, 114 Wn.2d 198, 207 (1990); see also Lexington Ins. Co. v. Swanson, 240 F.R.D. 662,

20  670 (W.D. Wash. 2007); Microsoft Corp. v. Federal Ins. Co., Case No. C01-1815C, 2003 U.S.

21  Dist. LEXIS 27453, at *6, 8 (W.D. Wash. 2003) (ruling in case regarding reasonableness of

22  counsel's fees that law firm need not turn over documents evidencing the work or services it

23  performed, but must turn over "the underlying time sheets, time records, work-in-progress

24  summaries, etc. that were used to create the invoices").

25       All three factors are met here.  The parties agree that the first factor is satisfied by

26  Aecon's filing of this lawsuit.  The second factor is also satisfied — Aecon put the Groff Murphy

27

ORDER — 2

1   invoices at issue by claiming Groff Murphy's bills as an element of its plead damages.  Aecon has

2   also put these invoices at issue by submitting declarations related to these fees in its motion

3   related to the reasonableness of the Aecon/Quinalt settlement (Dkt. No. 43-3, at 47-49) and also

4   by identifying Groff Murphy attorney Michael Grace as a witness who "may be called to testify to

5   the nature, value and reasonableness of legal services rendered" by his firm in the underlying suit

6   (Dkt. No. 83-2).[1]  Finally, these invoices are vital to the defense.  As the Zurich Defendants put it:

7   "How could these invoices not be vital to the defense when the costs are an element of Aecon's

8   damage claim and when Mr. Grace may testify about the reasonableness of his firm's fees?"

9   (Defs' Reply at 3.)  It would be manifestly unfair to allow Plaintiff to seek reimbursement for the

10   fees charged in the underlying matter and to assert that those fees were reasonable, but not allow

11   the Zurich Defendants access to documentation of those fees.  Defendants' motion is therefore

12   GRANTED.  Groff Murphy must produce complete, unredacted copies of all fee and cost

13   invoices concerning Aecon's defense and/or response to the Quinalt claim within ten (10) calendar

14   days of the date of this order.

15        Dated: June 13th, 2008.

16

17                 Marsha J. Pechman

18                 United States District Judge

19

20

21

22

23

---

24      [1]     Aecon's arguments in this matter suggest that it believes the Zurich Defendants seek

25   substantive attorney-client communications between Aecon and Groff Murphy.  But the Zurich Defendants only seek unredacted billing invoices.  The Zurich Defendants do not assert, and the

26   Court does not find, that Aecon put other attorney-client communications at issue by seeking the fees here.

27

ORDER — 3