UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AECON BUILDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ZURICH NORTH AMERICA, et al., <br><br> Defendants. | Case No. C07-832MJP <br><br> ORDER DENYING MOTION TO DISQUALIFY RICHARD MARTENS, BUT GRANTING REQUEST TO COMPEL HIS DEPOSITION AND AWARDING FEES |

This matter comes before the Court on Defendant Zurich's motion to disqualify Richard Martens, counsel for Plaintiff Aecon, or in the alternative exclude his testimony at trial or order him to submit to a deposition. (Dkt. No. 147.) Aecon opposes the motion. (Dkt. No. 168.) Mr. Martens himself has also filed a response opposing the motion. (Dkt. No. 165.) That response is STRICKEN as the Court has not authorized a non-party to file any briefing in this matter. Having considered Defendant's motion, Plaintiff's response, Defendant's reply (Dkt. No. 175), all documents submitted in support thereof and the balance of the record, the Court DENIES the motion to disqualify or exclude testimony but ORDERS that Mr. Martens submit to a deposition within seven (7) calendar days of this order.

**Background**

This insurance coverage action arises from claims made by the Quinault Indian Nation ("the Quinault") against Aecon Buildings, Inc. ("Aecon") regarding the construction of a casino and hotel project in Ocean Shores, Washington. Aecon was the general contractor for the project and subcontracted some of the work performed. After completion of the project, the Quinault

ORDER — 1

found defects in the construction and notified Aecon. Aecon settled the Quinault's claims and in 2006 tendered a request for indemnification to the subcontractors' insurers, the named defendants in this case. Aecon sued various subcontractors in an underlying construction defect suit, <u>Aecon Buildings Inc. v. Vandermolen Constr. Co.</u>, King Co. Superior Ct. Case No. 05-2-03044-5 SEA. Richard Martens of Martens + Associates, the firm that represents Aecon in the present action, represented Aecon (along with other counsel) in the underlying state case.

Discovery in this matter was scheduled to close on June 2, 2008. (Dkt. No. 14.) On May 6, 2008, Aecon supplemented its initial disclosures and identified Richard Martens as a witness who may be called to testify regarding the nature, value, and reasonableness of the legal services rendered by his firm in the underlying litigation. (Dkt. No. 148-2, Sparling Decl., Ex. A.) On May 19, 2008, Zurich hand delivered a copy of a notice of deposition and subpoena of Mr. Martens to a paralegal at his office. (<u>Id.</u>, Ex. C.) His deposition was scheduled for June 2. On May 20, Mr. Martens sent a letter objecting to the notice and subpoena, raising several objections, including (1) Zurich's failure to contact Mr. Martens before issuing the subpoena, which raises the specter of harassment, (2) lack of a legitimate basis for taking his deposition as the legal fees are undisputed, (3) lack of common courtesy in inquiring regarding Mr. Martens' schedule, (4) Mr. Martens unavailability on the scheduled date, and (5) attorney-client privilege. (<u>Id.</u>, Ex. D.) Counsel exchanged additional letters, in one of which Mr. Martens stated that he would not appear at the scheduled deposition and also stated that he was never properly served. (<u>Id.</u>, Ex. F.) The process server attempted to serve Mr. Martens personally three more times, to no avail. (<u>Id.</u>, Ex. G.) Mr. Martens did not appear at his scheduled deposition. (<u>Id.</u>, Ex. H.) On June 24, Zurich's counsel met and conferred in person with Mr. Martens and his associate regarding Mr. Martens' deposition. (Sparling Decl. ¶ 10.) Mr. Martens refused to accept counsel's offer of a check for the witness fee and mileage for the deposition and refused to be deposed, asserting, among other things, that Zurich should have known long before discovery closed that Mr. Martens would be a witness regarding the reasonableness of fees.

## Discussion

**I.     Disqualification**

Washington courts are reluctant to disqualify an attorney absent compelling circumstances. Pub. Util. Dist. No. 1 of Klickitat Co. v. Int'l Ins. Co., 124 Wn.2d 789, 812 (1994). "When an attorney is to be called . . ., a motion for disqualification must be supported by a showing that the attorney will give evidence material to the determination of the issues being litigated, that the evidence is unobtainable elsewhere, and that the testimony is or may be prejudicial to the testifying attorney's client." Id. (quoting Cottonwood Estates, Inc. v. Paradise Builders, Inc., 128 Ariz. 99, 105 (1981)). Defendant moves to disqualify Mr. Martens under Washington Rule of Professional Conduct ("RPC") 3.7, which provides:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
>   (1) the testimony relates to an uncontested issue;
>
>   (2) <u>the testimony relates to the nature and value of legal services rendered in the case</u>;
>
>   (3) disqualification of the lawyer would work substantial hardship on the client; or
>
>   (4) the lawyer has been called by the opposing party and the court rules that the lawyer may continue to act as an advocate.
>
> (b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.

(Emphasis added.) Comment 3 to the Rule explains the exception regarding fees: "Paragraph (a)(2) recognizes that where the testimony concerns the extent and value of legal services rendered in the action in which the testimony is offered, permitting the lawyers to testify avoids the need for a second trial with new counsel to resolve that issue." RPC 3.7 cmt. 3. Although the comment suggests that the exception for testimony regarding attorneys' fees only applies when the lawyer testifies about services rendered in the case in which he or she is testifying, courts that have considered the issue have held that the exception extends to situations like the one

ORDER — 3

here. For example, in <u>OMI Holdings, Inc. v. Chubb Ins. Co. of Canada</u>, No. 95-2519-KHV, 1996 U.S. Dist. LEXIS 22000, at *8 (D. Kan. Nov. 22, 1996), the court refused to disqualify a law firm that was a necessary witness in the case because of its representation and knowledge of the fees in an underlying case. Analyzing a virtually identical rule to Washington's RPC 3.7, the court concluded that the ethical concerns justifying the general prohibition of the rule were not implicated by counsel's testimony regarding the value and nature of the fees in the underlying case. <u>OMI Holdings</u>, 1996 U.S. Dist. LEXIS 22200 at *8-9 (citing <u>Regent Ins. Co. v. Ins. Co. of N. Am.</u>, 804 F. Supp. 1387, 1393 (D. Kan. 1992)). Defendant cites no Washington law suggesting that Washington's RPC should not be analyzed in the same way. The Court agrees with the reasoning in <u>OMI Holdings</u> and concludes that Mr. Martens testimony in the present case regarding the nature and values of the fees his firm charged in the underlying matter do not warrant his disqualification from this case.

## II.  Exclusion of Testimony / Compel Deposition

In the alternative, Defendant requests that the Court exclude any testimony from Mr. Martens at trial as a sanction for Aecon's late disclosure and Mr. Martens' refusal to appeal for deposition without first obtaining relief from this Court. The Court has "broad discretion to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly trial. Within this discretion lies the power . . . to exclude testimony of witnesses whose use at trial . . . would unfairly prejudice an opposing party." <u>Unigard Security Ins. Co. v. Lakewood Eng'g & Mfg. Corp.</u>, 982 F.2d 363, 368 (9th Cir. 1992). The Court exercises its discretion here and declines to exclude Mr. Martens testimony, but orders that Mr. Martens make himself available for a deposition. Professional courtesy would dictate that once he was aware of the original subpoena, Mr. Martens would have graciously accepted service. Mr. Martens must make himself available for a deposition within seven (7) calendar days of this order. Any prejudice that could have been suffered by Defendants will be cured by deposing Mr. Martens regarding his knowledge of the underlying fees.

ORDER — 4

### III. Fees

Zurich requests an award of fees and costs corresponding to Mr. Martens' failure to appear for his deposition and for bringing this motion. The Court GRANTS Zurich's request for fees and costs. Within ten (10) calendar days of this order Zurich shall file papers outlining the fees and costs associated with Mr. Martens' failure to appear for the deposition and with bringing this motion. Plaintiff may respond to that motion. Any such response must be filed within seven (7) calendar days of Zurich's papers and may not exceed six (6) pages in length.

### Conclusion

The Court DENIES Defendants' request that the Court disqualify Mr. Martens. The Court also DENIES the request that his testimony be excluded, but ORDERS that Mr. Martens submit to a deposition within seven (7) calendar days of this order. Fees are awarded.

The clerk is directed to send copies of this order to all counsel of record.

Dated: July 24, 2008.

Marsha J. Pechman
United States District Judge

ORDER — 5