UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AECON BUILDINGS, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ZURICH NORTH AMERICA, et al.,<br><br>　　　　　　Defendants. | Case No. C07-832MJP<br><br>ORDER STRIKING AS MOOT CERTAIN MOTIONS FOR SUMMARY JUDGMENT |

On August 4, 2008, the Court granted Plaintiff's motions for summary judgment regarding Plaintiff's claims that Defendants acted in bad faith and violated the Washington Consumer Protection Act. (Dkt. No. 208.) The Court ruled that Defendants are now estopped from denying coverage. (Id. at 14.) Because other motions for summary judgment remained pending, the Court directed the parties to meet and confer and provide the Court with a joint status report detailing which issues remain to be decided on summary judgment and which are now moot. The parties have filed a joint status report detailing their positions on mootness. (Dkt. No. 210.) Having considered the parties' report and the balance of the record in this case, and in an effort to use judicial resources efficiently, the Court ORDERS as follows:

　　1) Defendants' motions for summary judgment dismissal of Plaintiff's coverage claims based on lack of an "occurrence" under the policy (Dkt. Nos. 128 & 151) are DENIED AS MOOT. Because they acted in bad faith, Defendants are estopped from raising coverage defenses.

　　2) Defendants' motions for summary judgment on the issue of whether Defendants breached their duty to defend Aecon (Dkt. Nos. 81 & 91) are DENIED AS MOOT. Defendants

ORDER — 1

premise those motions on the argument that they were never provided information showing that any "suit" between Aecon and the Quinault existed so as to trigger a defense obligation. Although that issue is analytically distinct from the issue of whether there was coverage under the policy, even if the issue were resolved in favor of Defendants, it would serve no purpose in this case. The Court has already ruled that Defendants acted in bad faith when they denied a defense and coverage and has already ruled that Defendants are estopped from denying coverage. A favorable ruling will not effect the remedy to which Plaintiff is entitled. The Court therefore will not rule on this issue.

3) Zurich's motion for summary judgment to dismiss policies incepting after March 2001 (Dkt. No. 145) is DENIED AS MOOT. This motion raises coverage defenses, i.e., that Aecon is not covered under certain policies because it is only covered as an additional insured until Western Partitions completed its work on the project, and Western Partitions completed its work in March 2001. Zurich also does not dispute that Aecon qualifies as an additional insured under the two Zurich policies in effect while Zurich's named insured, Western Partitions, was actually working on the project. Because the Court has already ruled that Zurich cannot deny coverage, and because Zurich itself does not dispute that Aecon was an additional insured under two of its policies (for which it cannot otherwise deny coverage), the issue of whether later Zurich policies provide coverage is moot.

4) The Court will not rule at this point on Zurich's motion for summary judgment regarding <u>Olympic Steamship</u> fees. (<u>See</u> Dkt. No. 142.) The parties should raise their arguments regarding the appropriateness of <u>Olympic Steamship</u> fees after all other issues in the case have been resolved, either through motion or by trial. The Court therefore STRIKES this motion without prejudice to Zurich renewing it at the end of the case.

5) The remaining four summary judgment motions (Dkt. Nos. 129, 132, 138, & 140) and the remaining discovery sanctions motions (Dkt. Nos. 124 & 125) are not moot and will be considered by the Court.

ORDER — 2

The clerk is directed to send copies of this order to all counsel of record. The clerk is further directed to terminate the motions that are now moot from the Court's motions calendar.

Dated: August 15th, 2008.

*Marsha J. Pechman*
Marsha J. Pechman
United States District Judge

ORDER — 3