UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AECON BUILDINGS, INC.,

Plaintiff,

v.

ZURICH NORTH AMERICA, et al.,

Defendant.

Case No. C07-0832MJP

ORDER ON CERTAIN MOTIONS *IN LIMINE*

This matter comes before the Court on Plaintiff's motions *in limine* (Dkt. No. 248), Defendant Hartford's motions *in limine* (Dkt. Nos. 233, 236, 238, 239, 240, 241, 243, 244, 245, 263), Defendant Zurich's motions *in limine* (Dkt. Nos. 246, 247, 250), and Defendants' joinder motions (Dkt. Nos. 249, 252, 253, 254). Having considered, the motions, the responses (Dkt. Nos. 260, 262, 265, 268, 276) and the replies (Dkt. Nos. 270, 271, 273, 274, 275), the Court finds as follows:

**I. Joinder Motions**

As a preliminary matter, the Court GRANTS Defendants joinder motions. (Dkt. Nos. 253, 254, 249, 252.) Hartford has therefore joined certain Zurich motions *in limine*. (Dkt. Nos. 247, 250.) Similarly, Zurich has joined certain Hartford motions *in limine*. (Dkt. Nos. 233, 238, 239, 240, 241, 244, 245.)

**II. Plaintiff Aecon's Motions *in Limine***

Aecon filed all motions *in limine* in a single document. (Dkt. No. 248.) With respect to the motions presented therein, the Court:

1. DENIES motion *in limine* No. 1. The collateral source rule does not apply.

ORDER — 1

2. DENIES motion *in limine* No. 2. Consistent with Fed. R. Evid. 411, Aecon's liability insurance may be offered for a purpose other than establishing liability.

3. GRANTS motion *in limine* No. 3 excluding references to the parties' financial conditions, unless there is an argument by Aecon that its insurance premiums have increased since the Quinault settlement.

4. Because the parties agree, the Court GRANTS motion *in limine* No. 4 excluding reference to settlement discussions, demands, or offers.

5. The Court does not understand why any bad faith expert would be called by any party and therefore GRANTS motion *in limine* No. 5 excluding David Mandt.

6. Similarly, the Court GRANTS motion *in limine* No. 6 excluding Linda Bowen.

7. The Court does not rule on motion *in limine* No. 7 at this time on the issue of Kenneth Simons's testimony.

8. The Court cannot identify any relevancy for testimony that would be offered on the issue of bad faith and therefore GRANTS motion *in limine* No. 8 excluding explanations for the failure to disclose the Thatcher Report.

9. DENIES motion *in limine* No. 9 proposing to exclude reference to Aecon's policy terms.

10. DENIES motion *in limine* No. 10 proposing to exclude reference to wrongful or unreasonable conduct by Aecon.

11. Because the parties agree, the Court GRANTS motion *in limine* No. 11 excluding statements about the potential consequences of a verdict or damage award against either defendant.

12. DENIES motion *in limine* No. 12 proposing to exclude claims that Aecon's indemnity damages are limited to its out of pocket contribution to the Quinault settlement.

13. Because the parties agree, the Court GRANTS motion *in limine* No. 13 excluding witnesses from trial until after they have testified.

14. Because the parties agree, the Court GRANTS motion *in limine* No. 14 preventing publication to the jury before the Court has determined admissibility.

15. Because the parties agree, the Court GRANTS motion *in limine* No. 15 requiring each side to provide 36 hours advance notice regarding intent to call witnesses at trial.

16. Because the parties agree, the Court GRANTS motion *in limine* No. 16 excluding all references to these motions *in limine*.

17. Because the parties agree, the Court GRANTS motion *in limine* No. 17 allowing the filing of the motions *in limine* to be sufficient objection for appellate purposes.

### III. Defendant Hartford's Motions *in Limine*

Hartford filed numerous motions *in limine*. (Dkt. Nos. 218, 233, 236, 238, 239, 240, 241, 243, 244, 245, 263.) The Court:

1. GRANTS the motion to exclude reference to the $3.75 million Quinault settlement as "the presumptive measure of damages." (Dkt. No. 233.)

2. Because the overall estimate presented by Rick Witte is irrelevant, the Court GRANTS Hartford's motion to exclude Mr. Witte as a trial witness. (Dkt. No. 236.)

3. The Court's jury instructions will put the issues to be decided by the jury in context. The Court therefore GRANTS the motion to exclude evidence of Plaintiff's bad faith claims. (Dkt. No. 238.)

4. Because the parties agree that expert reports are not to be admitted, but that experts may testify based upon their reports, the Court GRANTS the motion to exclude expert reports from being entered into evidence. (Dkt. No. 239.)

5. GRANTS the motion to exclude the testimony of Irving Paul and Kay Thorne. (Dkt. No. 240.)

6. GRANTS the motion to exclude declarations of Michael Grace and Richard Martens. (Dkt. No. 241). The declarations are inadmissible hearsay.

7. Because the parties agree that Aecon's proposed exhibits Nos. 21, 22, 24, and 25 will not be offered, the Court GRANTS the motion to exclude that evidence. (Dkt. No. 243.) However, the Court reserves judgment on the issue of whether the default judgment against Chinook issued by Judge Armstrong on August 31, 2008 should be admitted.

8. Hartford filed a "first set" of general motions *in limine*. (Dkt. No 244.) With respect to the

ORDER — 3

motions therein, the Court:

 A. Because the parties agree, the Court GRANTS motion "A" excluding references to the financial situations of the parties unless there is a viable claim by Aecon for increased insurance premiums.

 B. GRANTS motion "B" to exclude reference to any other litigation involving Hartford.

 C. Because the parties agree, the Court GRANTS motion "C" excluding reference to settlements or compromise offers with the exception of Aecon's settlement with Quinault.

 D. Hartford has withdrawn motion "D" regarding experts, witnesses, and documents not previously disclosed.

 E. The Court reserves ruling on motion "E" proposing to exclude expert testimony based on extrapolation or unobserved conditions.

 F. The Court reserves ruling on motion "F" proposing to exclude statements about witnesses' probable testimony..

 G. The Court reserves ruling on motion "G" proposing to exclude testimony by non-experts as to the cause of damages.

 H. Because the Court has excluded the testimony of both Irving Paul and Kay Thorne, Hartford's motion ("H") asking that Plaintiff only be allowed to present one expert on a particular field of expertise is DENIED as moot.

 I. Consistent with the Court's ruling on Aecon's motion *in limine* No. 15, witnesses shall be announced at least 36 hours in advance. Hartford's motion "I" is DENIED as moot.

9. Hartford filed a "second set" of general motions *in limine*. (Dkt. No. 245.) The Court reserves judgment on the motions therein. Defendant may object if and when the issues arise at trial.

10. DENIES the motion to exclude the default judgment against Chinook. (Dkt. No. 263.)

### IV. Defendant Zurich's Motions in Limine

Zurich filed several motions *in limine*. (Dkt. Nos. 246, 247, 250). The Court:

1. GRANTS the motion to exclude evidence of Zurich's claim handling. (Dkt. No. 246.) The Court

ORDER — 4

will fashion jury instructions on the issue of bad faith.

2. Zurich's motion to exclude certain statements about damages (Dkt. No. 247) contained three motions. Hartford joins these motions. (Dkt. No.253.) The Court:

    A. GRANTS the motion prohibiting Aecon from arguing that Zurich is responsible for damages pertaining to the work of subcontractors other than those attributable to Western Partitions. Likewise, Aecon is prohibited from arguing that Hartford is responsible for damages pertaining to the work of subcontractors other than those attributable to Chinook Builders.

    B. GRANTS the motion barring Aecon from arguing that Zurich is responsible for defense costs unrelated to Western Partition's work. Likewise, Aecon is barred from arguing that Zurich is responsible for defense costs unrelated to Chinook's work.

    C. Because the parties are in agreement, the Court GRANTS the motion to exclude reference to *Olympic Steamship* damages. The issue will be decided by the Court after trial.

3. Zurich filed a general set of motions *in limine*. (Dkt. No. 250.) With respect to the motions therein, the Court:

    A. Because the parties are in agreement, the Court GRANTS the motion excluding any reference to discovery disputes.

    B. GRANTS the motion barring statements arguing that the jurors follow "the golden rule" or "send a message" to the defendants.

    C. GRANTS the motion excluding reference to Defendant's claim handling activities that took place after the filing of this suit. No Court order will be presented to the jury; the Court will fashion a jury instruction on the issue.

    D. GRANTS the motion excluding reference to other bad faith lawsuits.

    E. The Court reserves ruling on the motion to exclude statements that Zurich North America is the entity that issued the policy.

    F. The Court reserves ruling on the motion to exclude any evidence on the issue of

ORDER — 5

negligence.

G. The Court reserves ruling on the motion to exclude evidence of increased insurance premiums.

H. The Court reserves ruling on the motion to exclude reference to expert documents or opinions not disclosed in discovery.

Dated: September 17, 2008.

Marsha J. Pechman

United States District Judge

ORDER — 6