UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AECON BUILDINGS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ZURICH NORTH AMERICA, et al.,<br><br>Defendant. | Case No. C07-0832MJP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff's motion for reconsideration and/or clarification of the Court's order granting in part and denying in part Zurich's motion for partial summary judgment on the issue of damages. (Dkt. No. 257.) After carefully reviewing the motion, the balance of the record, and governing law, the Court DENIES Plaintiff's motion for the reasons set forth below.

**Background**

The parties and the Court are familiar with the general facts of this case, so the Court will not repeat them here. On August 29, 2008, the Court issued an order granting in part and denying in part Zurich's motion for partial summary judgment on the issue of damages. (Dkt. No. 235.) In that order, the Court (1) denied Zurich's motion on the issue of judicial estoppel, id. at 4-5, (2) gave leave for Zurich to amend its answer to plead offset, id. at 5-6, (3) limited the indemnity portion of Aecon's damages to the work attributable to Western Partition's faulty work, id. at 6-7, and (4) determined that Defendants were not jointly and severally liable for the unrecovered balance of the Quinault settlement. Id. at 7-8. On September 5, 2008, Aecon filed

ORDER — 1

its motion for reconsideration and/or clarification of the Court's order. (Dkt. No. 257.) Specifically, Aecon asserts that the Court's rulings on the measure of indemnity damages and the absence of joint and several liability are clear, reversible errors. Id. at 2. Alternatively, Aecon asks the Court to certify these two questions to the Washington Supreme Court. Id. at 2-3.

## Discussion

I. Standard for Reconsideration

Motions for reconsideration are disfavored. CR 7(h). Absent either a showing of manifest error or new facts or law that could not have been brought to the Court's attention earlier, the Court will generally deny motions for reconsideration. Id.

II. Indemnity Damages

Plaintiff seeks to have the Court reconsider its decision that Zurich's indemnity damages are limited to what is attributable to Western Partitions. (Dkt. No. 257 at 3-4.) Plaintiff relies on Kirk for the proposition that the contractual limits of the insurance policies do not limit indemnity damages in a bad faith action. Kirk v. Mt. Airy Ins. Co., 134 Wn.2d 558, 561-62 (1998). Kirk, however, is distinguishable on the facts. In Kirk, the Washington Supreme Court found that, where a single insurer had been held in bad faith for a single injury, the contractual insurance policy could not provide the measure of damages. Id. at 562. In this case, there are two bad faith insurers covering two subcontractors involved in a construction dispute that includes many subcontractors. Aecon would have the Court view its global settlement of claims with Quinault as a single injury. See e.g. Pl.'s Mot. For Recons. (Dkt. No. 257) at 6 ("Aecon's indemnity damages against Zurich are only limited by the total amount of its settlement with The Quinault, i.e. $3.75 million..."). However, the settlement includes damages for construction

ORDER — 2

work completed by companies other than Western Partitions (insured by Zurich) and Chinook (insured by Hartford). The holding in <u>Kirk</u> is inapplicable in the present case because the settlement in <u>Kirk</u> was far more narrow than the broad settlement between Aecon and the Quinault. Thus, the Court denies reconsideration of its determination limiting Zurich's indemnity damages to the work attributable to Western Partitions's faulty construction.

III. Joint and Several Liability

Aecon further asks the Court to reconsider its ruling that Defendants are not jointly and severally liable for the unrecovered balance of the settlement. Pl.'s Mot. for Recons. (Dkt. No. 257) at 7. In support of its argument that damages are joint and several, Aecon points to RCW 4.22.070(1) which outlines the scope of joint and several liability in Washington. The statute provides that, while several liability is the general rule for actions involving the fault of more than one entity, if the injured party is not at all at fault, the defendants against whom a judgment is entered are jointly and severally liable. RCW 4.22.070(1)(b). Aecon's reliance on the statute is misplaced because the statute presumes that there is only one underlying injury. As described above, Aecon suffered distinct injuries from Hartford and Zurich's bad faith. Defendants here are not joint tortfeasors of a single tort. The Court denies reconsideration of its determination that Zurich and Hartford are not jointly and severally liable for the balance of the Quinault settlement.

IV. Certification

Finally, in response to an adverse ruling, Aecon belatedly asks the Court to certify these issues to the Washington Supreme Court. Pl.'s Mot. for Recons. (Dkt. No. 257) at 8-9. The Court has already ruled on these issues. The Court declines to certify either to the Washington

ORDER — 3

Supreme Court.  Certification is not be used as a back door to an appeal or to forum shop after the ruling has been made.

**Conclusion**

For the foregoing reasons, the Court DENIES Plaintiff's motion for reconsideration.

The Clerk is directed to send a copy of this order to all counsel of record.

Dated: September 18, 2008.

*[signature]*

Marsha J. Pechman

United States District Judge

ORDER — 4