UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AECON BUILDINGS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ZURICH NORTH AMERICA, et al., <br><br> Defendant. | Case No. C07-0832MJP <br><br> ORDER GRANTING DEFENDANT ZURICH'S REQUESTS FOR FEES |

This matter comes before the Court on Defendant Zurich's bill of costs (Dkt. No. 232) and Plaintiff's opposition (Dkt. No. 256) to the amount of fees sought. After carefully reviewing the motions, the bill of costs, and the balance of the record, the Court AWARDS Zurich $4,322.50 in attorneys fees and costs as a discovery sanction against Aecon.

**Background**

The parties and the Court are familiar with the general facts of this case, so the Court will not repeat them here. On August 20, 2008, this Court issued an order finding that Aecon violated Fed. R. Civ. P. 26(a)(1)(A)(iv) by failing to disclose certain builders risk policies in its initial disclosures. (Dkt. No. 223 at 6.) The Court concluded that, pursuant to Fed. R. Civ. P. 26(g), Aecon should pay Zurich its attorneys' fees and costs associated with bringing Zurich's motion for sanctions. Id. at 7. The Court directed Zurich to file a declaration of its fees and costs associated with the motion for discovery sanctions. Id. at 17. On August 29, 2008, Zurich

ORDER — 1

filed a declaration from Gary Sparling stating Zurich incurred $4322.50 in fees and costs relating to its motion for discovery sanctions. (Dkt. No. 232 at 3.)

**Discussion**

The reasonableness of attorneys fees is an independent determination to be made by the awarding court and the fee applicant bears the burden of demonstrating reasonableness. <u>Absher Const. Co. v. Kent School Dist.</u>, 79 Wn.App. 841, 847 (1996). The parties do not disagree about the reasonableness of the rates that Zurich's attorneys charged for work on the dispute. (Dkt. No. 256 at 3.) Nevertheless, Aecon argues that the amount requested is excessive because Zurich seeks compensation for 19.3 hours of work. <u>Id.</u> at 2. Plaintiff contends that, in light of the Court's previous ruling that fees incurred for over 10 hours of work by a party for a routine discovery motion were excessive, Zurich cannot seek compensation for more than 10 hours of work. <u>Id.</u> at 3. The Court finds that the discovery dispute at issue was not routine. Therefore, the 10 hour figure is not applicable. Given the complexity of the issue, the Court finds that 19.3 hours was a reasonable amount of time to spend on the motion for sanctions.

**Conclusion**

The Court AWARDS Zurich $4,322.50 in fees and costs. Plaintiff Aecon is directed to pay that amount to Defendant Zurich within ten (10) days of this order.

The Clerk is directed to send a copy of this order to all counsel of record.

Dated this 25th day of September, 2008.

_/s/ Marsha J. Pechman_

Marsha J. Pechman
United States District Judge

ORDER — 2